Robert W. JONES, Plaintiff,

v.

LUCENT TECHNOLOGIES, INC., Defendant.

No. 02 C 8057.

United States District Court, N.D. Illinois, Eastern Division.

March 16, 2004.

James William Holman, Law Offices of James W. Holman, Naperville, IL, Glenn R. Gaffney, Gaffney & Associates, Glendale Heights, IL, for Plaintiff.

Robert W. Jones, Wheaton, IL, pro se.

Julie Badel, Michael T. Roumell, Peter Andrew Steinmeyer, Deepa Rajkarne, Epstein, Becker & Green, James M. Staulcup, Jr., Rodney Perry, Bryan Cave, Chicago, IL, for Defendant.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiff Robert Jones, born on May 9, 1954, claims that he lost his job with defendant Lucent Technologies, Inc. ("Lucent") due to age discrimination. Mr. Jones alleges that he relied on statements by his supervisor, Umesh Joshi, that a low performance rating would not be used for any purpose, and as a result did not challenge the rating when it was given to him. Mr. Jones alleges that his performance rating and Mr. Joshi's statements were the result of age bias and constituted common law fraud. Lucent and Mr. Jones seek summary judgment. I grant Lucent's motion and deny Mr. Jones' motion for the reasons stated below.

■ Mr. Jones claims that direct evidence of discrimination entitles him to summary judgment. Mr. Jones's evidence can be summarized as follows. In mid-2000, Mr. Joshi began supervising Mr. Jones. When Mr. Joshi asked Mr. Jones about his goals for the next two to five years, Mr. Jones replied that he hoped to retire at the end of four years. At the end of 2000, Mr. Jones was placed into a Band 4 performance rating by Mr. Joshi. During Mr. Jones' performance review, in response to Mr. Jones' concerns, Mr. Joshi said, "Maybe I should explain. You're in the middle. I'm on the conference calls. I

know the contribution you make. You're not on any list. This is just for my personal use." Mr. Jones did not challenge his performance rating, though he was aware of Lucent's process for doing so. On February 15, 2001, Mr. Jones was notified that because of his Band 4 rating, he was being placed "at-risk" for termination in an upcoming downsizing by Lucent. In April 2001, Mr. Jones was terminated.

Nothing in this summary suggests that Mr. Joshi placed Mr. Jones into a Band 4 performance rating because of age discriminatory reasons. Mr. Jones' motion for summary judgment on this count is denied, and he cannot survive summary judgment on this evidence.

■ While Mr. Jones claims to be proceeding under the direct method of proving age discrimination, the indirect method would not help him. To establish a prima facie claim under the indirect method, Mr. Jones must show that (1) he is a member of a protected class; (2) that he was meeting the legitimate business expectations of his employer; (3) that he suffered an adverse employment action; and (4) that other similarly-situated employees, not in the protected class, were treated more favorably. *Biolchini v. General Elec. Co.*, 167 F.3d 1151, 1153–54 (7th Cir.1999) (citing *McDonnell Douglas v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). Lucent argues that Mr. Jones cannot establish the second and fourth prongs of this test, and I agree.

■ The fact that Mr. Jones was given a performance rating in Band 4 shows that he was not meeting Lucent's legitimate business expectations. *See, e.g., Haywood v. Lucent Techs., Inc.*, 323 F.3d 524, 530–31 (7th Cir.2003). Mr. Jones received such an unfavorable rating not just in 2000 but also in previous years. His statements that the rating was unwarranted are not sufficient to establish that he was, in fact, meeting Lucent's legitimate business expectations. *Id.*

■ Mr. Jones also cannot establish that younger, similarly-situated employees at Lucent were treated more favorably. Mr. Jones admits that no one younger than he was, who was also rated in Bands 4 or 5, was not terminated. While Mr. Jones argues that some of his job duties were given to a younger employee after his termination, that is not the test dictated by the law. *See, e.g., Pitasi v. Gartner Group, Inc.*, 184 F.3d 709, 716 (7th Cir. 1999). Mr. Jones' age discrimination claim also fails under the indirect method. Lucent's motion for summary judgment on Count I is granted.

■ Mr. Jones' common law fraud claim is that Mr. Joshi's statement during his 2000 performance review that "this is just for my personal use" misled him, resulting in his failure to challenge his performance rating and his ultimate termination. Even if Mr. Joshi's statement was false, in order to establish a claim of fraud, Mr. Jones must have been defrauded of something. Mr. Jones was an at-will employee, who could have been terminated at any time. *See Stromberger v. 3M Co.*, 990 F.2d 974, 976–77 (7th Cir.1993). He makes no showing that "but for" the statement by Mr. Joshi, he would not have been terminated. *Id.* at 978. While Mr. Jones argues that he would have challenged his performance rating had Mr. Joshi not made his statement, Mr. Jones does not show that this would have had any effect. In fact, Mr. Jones says that at least one other employee challenged her performance rating, to no effect. Mr. Jones has not shown that he was injured even if Mr. Joshi's statements were false. Mr. Jones' motion for summary judgment on Count II is denied,

and Lucent's motion for summary judgment on Count II is granted.